UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-24420-Civ-COOKE/TORRES

JONATHAN N. BROOKS,

    Plaintiff,

vs.

ELAINE L. CHAO, Secretary, Department
of Transportation,[1]

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

Plaintiff Jonathan N. Brooks ("Plaintiff") brings this action *pro se* against Defendant Elaine L. Chao, Secretary of the Department of Transportation, under Section 501 of the Rehabilitation Act of 1973, as Amended, 29 U.S.C. § 791 *et seq..*, alleging disability discrimination. Defendant filed a Motion to Dismiss ("Motion") (ECF No. 32), to which Plaintiff filed a Response to Defendant's Motion to Dismiss and Request for Equitable Tolling of Title VII Limitations Period (ECF Nos. 39, 40)[2]. Defendant then filed a Reply (ECF No. 41). The matter is now ripe for review. For the reasons discussed below, Defendant's Motion is denied.

### I.    BACKGROUND[3]

Plaintiff began his employment with the Federal Aviation Administration ("FAA") as an Engineering Technician on July 28, 2014. Prior to his hiring, Plaintiff alleges that the FAA knew of his disability. Despite being aware of his disability, which consisted of a

---

[1] Rule 25(d) of the Federal Rules of Civil Procedure allows for the automatic substitution of a public officer's successor if the public officer ceases to hold office while an action is pending. Secretary Elaine L. Chao is the current Secretary of the U.S. Department of Transportation.

[2] This document was filed twice on the docket, once as a response (ECF No. 39) and once as a motion (ECF No. 40). Both documents are the same.

[3] The following facts are taken from Plaintiff's Amended Complaint (ECF No. 14) and its attachments. On a motion to dismiss, Plaintiff's factual allegations must be taken as true and construed broadly, in the light most favorable to the plaintiff. *See Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007); *Cottone v. Jenne*, 326 F.3d 1352, 1355 (11th Cir. 2003).

skeletal condition, the FAA offered him employment. On or about August 24, 2014, Plaintiff requested reasonable accommodations for his disability and was advised he would need his doctor to complete a form detailing his limitations. Plaintiff's doctor completed the form and it was submitted to the FAA, after which Plaintiff alleges he received reasonable accommodations. However, on July 23, 2015, Plaintiff received a letter stating that his employment was terminated effective July 25, 2015. The letter "vaguely" stated the reason for Plaintiff's termination was that Plaintiff had not demonstrated he could meet the performance requirements of the position of Engineering Technician.

On or about August 20, 2015, Plaintiff completed an Intake Questionnaire regarding potentially filing a claim for employment discrimination. He provided this form to the Palm Beach County Office of Equal Opportunity ("PBC Office"); however, on or about September 11, 2015, he received a call from the PBC Office advising him he needed to contact an FAA counselor. The following business day, September 14, 2015, Plaintiff contacted the appropriate counselor. Fifty-one days had elapsed since the effective date of Plaintiff's termination; however, Plaintiff alleges the Equal Employment Opportunity ("EEO") counselor accepted his reason for making contact outside the mandatory forty-five day time period.

After engaging in informal reconciliation efforts, Plaintiff filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC"). However, the EEOC dismissed Plaintiff's formal complaint on May 5, 2016 on the basis that Plaintiff did not timely contact the EEO counselor. The next day, Plaintiff appealed the decision, stating he was unaware he needed to contact the EEO counselor directly and had acted diligently in filing his claim with the PBC Office. Plaintiff's appeal was denied and the EEOC issued Plaintiff a "right to sue" letter. Defendant then filed the instant Motion to Dismiss, arguing Plaintiff's Amended Complaint is subject to dismissal because he made initial contact with the EEO Counselor outside the statutorily mandated forty-five day time period. Plaintiff contends the 45 day period should be equitably tolled.

## II. LEGAL STANDARD

"The Rehabilitation Act prohibits federal agencies from discriminating in employment against individuals with disabilities." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005); *see also* 29 U.S.C. § 794(a). "A plaintiff asserting a private right of action under the

Rehabilitation Act must satisfy the exhaustion of administrative remedies requirement in the manner prescribed by Title VII of the Civil Rights Act of 1964 . . . ." *Gaillard v. Shinseki*, 349 F. App'x 391, 392 (11th Cir. 2009) (citing 42 U.S.C. §§ 2000e-5, 16, 29 U.S.C. § 794a; *Doe v. Garrett,* 903 F.2d 1455, 1459-60 (11th Cir.1990)). To that end, federal regulations require an aggrieved person consult a counselor prior to filing a complaint to attempt to informally resolve the matter. 29 C.F.R. § 1614.105(a). Contact with a counselor must be made within forty-five days of the effective date of the action. 29 C.F.R. § 1614.105(a)(1). "Generally, when the claimant does not initiate contact within the 45-day charging period, the claim is barred for failure to exhaust administrative remedies." *Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir. 2008). However, the regulations also require the agency or Commission to extend the time limit if the aggrieved person shows he was not notified of the time limits and was not otherwise aware of them, that despite due diligence he was prevented by circumstances beyond his control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or Commission. 29 C.F.R. § 1614.105(a)(2). In addition, "[t]he Supreme Court has held that 'filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a prerequisite that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'" *Gaillard*, 349 F. App'x at 392 (quoting *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982)).

The test "for equitable tolling requires the party seeking tolling to prove '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (quoting *Menominee Indian Tribe of Wis. v. United States*, 136 S.Ct. 750, 755 (2016)).

> The interests of justice are most often aligned with the plaintiff when the defendant misleads [him] into allowing the statutory period to lapse; when [he] has no reasonable way of discovering the wrong perpetrated against [him]; or when [he] timely files a technically defective pleading and in all other respects acts with the proper diligence . . . which . . . statutes of limitation were intended to insure.

*Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (internal quotations and citations omitted).

### III. DISCUSSION

Defendant argues Plaintiff's Amended Complaint should be dismissed because he made contact with the EEO Counselor outside the forty-five day time period. Plaintiff contends the 45 day period should be equitably tolled. First, Plaintiff argues that although the termination letter explained that Plaintiff must contact an EEO counselor within forty-five days, it did not explain where or how Plaintiff should do so. By contrast, the letter provided more specific directions as to how to appeal his termination to the Merit Systems Protection Board ("MSPB")—despite Plaintiff's position not providing him a right of appeal to the MSPB. Plaintiff contends this "blatant omission" was an attempt to prevent him from receiving relief from Defendant's illegal and discriminatory termination. Plaintiff next argues that he pursued his rights with due diligence by contacting the PBC Office on August 20, 2015. While that was the incorrect office with which to file his complaint, he was not notified of his mistake until after the expiration of the forty-five days. Immediately upon learning of his mistake, Plaintiff contacted an EEO counselor. Only six days had elapsed since the expiration of the forty-five day period.

I find the interests of justice align with Plaintiff and he is therefore entitled to equitable tolling. In *Litman*, the Eleventh Circuit recently affirmed a district court decision which found the plaintiff failed to demonstrate his circumstances warranted equitable tolling where he alleged there was "much confusion" as to where and who would handle his initial complaint. *Litman v. Sec'y, of the Navy*, 703 F. App'x 766, 770 (11th Cir. 2017). The Eleventh Circuit held that, without more, the allegation of confusion was insufficient to warrant equitable tolling. *Id.* Here, there is more than simply an allegation of confusion. Plaintiff points to Defendant's letter which did not provide the manner in which to contact an EEO counselor, despite providing more detailed instructions on how to file an appeal with the MSPB, which Plaintiff could not do. What is more, Plaintiff, proceeding *pro se*, diligently pursued his rights. Within twenty-six days of the effective termination date, Plaintiff contacted the PBC Office. Twenty-two days later, Plaintiff learned that he had filed with the wrong office. The very next business day, Plaintiff contacted an EEO counselor—a mere six days after the forty-five day time period elapsed. Plaintiff's situation is akin to filing "a technically defective pleading and in all other respects act[ing] with" proper diligence. *Justice*, 6 F.3d at 1479; *see also Granger v. Aaron's, Inc.*, 636 F.3d 708, 713 (5th Cir. 2011) (Plaintiffs,

represented by counsel, were entitled to equitable tolling where "[t]hey were diligent about pursuing their rights and their attorney diligently and repeatedly followed up on their claims within the 300–day period, notwithstanding his filing in the wrong forum."). Plaintiff has demonstrated he is entitled to equitable tolling.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 32) is **DENIED**. Plaintiff's Request for Equitable Tolling (ECF No. 40) is **GRANTED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 28th day of March 2018.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*