UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-24420-Civ-COOKE/TORRES

JONATHAN N. BROOKS,

    Plaintiff,

vs.

ELAINE L. CHAO, Secretary, Department
of Transportation,[1]

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Jonathan N. Brooks ("Plaintiff") brings this action *pro se* against Defendant Elaine L. Chao, Secretary of the Department of Transportation, under Section 501 of the Rehabilitation Act of 1973, as Amended, 29 U.S.C. § 791 *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, ("ADEA"), alleging disability and age discrimination. Defendant filed the instant Motion for Summary Judgment ("Motion") (ECF No. 32), which included a statement of facts. Plaintiff filed a Response to Defendant's Motion for Summary Judgment (ECF No. 45), and Defendant filed a Reply (ECF No. 46). Plaintiff also filed a Response to Defendant's Reply (ECF No. 47).[2] The matter is now ripe for review. For the reasons discussed below, Defendant's Motion is granted.

### I.   BACKGROUND[3]

Plaintiff was hired by the Federal Aviation Administration ("FAA") as an Engineering Technician FV0802-G on July 28, 2014. Statement of Facts ("SOF") ¶ 1, ECF No. 44; Pl.'s Aff.

---

[1] Rule 25(d) of the Federal Rules of Civil Procedure allows for the automatic substitution of a public officer's successor if the public officer ceases to hold office while an action is pending. Secretary Elaine L. Chao is the current Secretary of the U.S. Department of Transportation.

[2] Plaintiff was not granted leave to file a sur-reply; however, his second Response simply restates arguments made in his original response.

[3] A movant's statement of undisputed material facts set forth in its Motion and related filings are deemed admitted to the extent they are supported by evidence in the record and not specifically disputed by the non-movant in an opposing statement of facts. S.D. Fla. L.R. 56.1(b); *see also Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242, 1245–46 (S.D. Fla. 2009). Because Plaintiff has not submitted a statement of material facts in opposition with citations to the record, Defendant's Statement of Facts are deemed admitted.

¶ 2. For the first few months of employment, Mr. Jerry Martinez was Plaintiff's first level supervisor. Pl.'s Aff. ¶ 7. Plaintiff's permanent immediate supervisor was Kraig Beahn, a manager, and his second level supervisor was Darrell Roberts, a regional manager. SOF ¶ 2. Plaintiff has a skeletal condition dating back to his military service in 1977. *Id.* at ¶ 3. Plaintiff's condition mostly affects his back, neck and shoulders, and limits his ability to perform physical activities involving the upper body, including his ability to reach, bend, and/or lift up objects. *Id.*

In August 2014, shortly after Plaintiff was hired, he informed Mr. Martinez and Mr. Roberts of his disability. Pl.'s Aff. ¶ 13. Mr. Beahn became aware of Plaintiff's need for accommodation when he asked Plaintiff to pressure clean or paint a building and Plaintiff told Mr. Beahn he could not do it by himself. Pl.'s Depo., 20:4–15. Consequently, Mr. Beahn began the reasonable accommodation process. SOF, ¶ 5. As of September 5, 2014, Mr. Beahn approved temporary limited duties for Plaintiff which remained in effect through the course of Plaintiff's employment. *See* Memorandum dated 7/23/15, ECF No. 43, p. 87; Termination Letter, ECF No. 44-3. According to Mr. Beahn, Plaintiff's disability required Mr. Beahn to assign another employee to assist Plaintiff with his duties. Beahn Aff., ¶ 14, ECF No. 44-2. As part of the reasonable accommodation process, and prior to terminating Plaintiff, Mr. Beahn engaged in a job search in consultation with the Human Resources and Labor Relations Department to find another position to accommodate Plaintiff's physical limitations. *Id.* at ¶ 18. According to Mr. Beahn, the process was lengthy, but they could not locate any other position which Plaintiff would accept based on his requirements and physical limitations. *Id.* at ¶ 18, 23. Plaintiff received a letter, dated July 23, 2015, informing Plaintiff his employment was being terminated effective July 25, 2015, during his probationary period. *See* Term. Letter. The letter stated Plaintiff had been unable to perform the duties of his position and therefore had not demonstrated he could meet the performance requirements of the position of Engineering Technician. *Id.*

After receiving his termination letter, Plaintiff filed a charge of discrimination with the EEOC, alleging discrimination on the basis of age and disability. SOF, ¶¶ 9–10. After the EEOC denied his claim and issued a Notice of Right to Sue, Plaintiff filed the instant lawsuit.

## II.  LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a). The function of the trial court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

"The moving party bears the initial burden to show the district court . . . that there is no genuine issue of material fact that should be decided at trial. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). If the moving party meets this burden, then the non-moving party must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id.* Any inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

### III. DISCUSSION

Defendant first argues it is entitled to summary judgment because Plaintiff made contact with the EEO Counselor outside the forty-five day time period required by law. Since I have already determined that Plaintiff is entitled to equitable tolling, *see* Order on Motion to Dismiss (ECF No. 49), and Defendant has presented no additional facts on this issue, I will turn to Defendant's other arguments.

Defendant next argues that Plaintiff has not established a prima facie case of age or disability discrimination. A plaintiff bringing a cause of action for employment discrimination must first "carry the initial burden" of establishing a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Once a plaintiff has established a prima facie case of discrimination, "[t]he burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Id.* "[S]hould the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

#### A. Disability Discrimination

"The [Rehabilitation] Act prohibits federal agencies from discriminating in employment against otherwise qualified individuals with a disability." *Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000). "To establish a prima facie case of discrimination under the Rehabilitation Act, a plaintiff must show that (1) he has a disability, (2) he is otherwise qualified for the position, and (3) he was subjected to unlawful discrimination as a result of his

3

disability." *Id.* It is undisputed that Plaintiff's skeletal condition qualifies as a disability under the Rehabilitation Act and that Plaintiff suffered an adverse employment action via his termination. Defendant, however, argues Plaintiff has not shown he is otherwise qualified nor that a reasonable accommodation was available to assist Plaintiff in performing the job duties of Engineering Technician. As a result, Plaintiff's termination was not because of his disability and Defendant's stated reason for terminating Plaintiff was not pretextual.

"When, as here, the employee's [ability to meet the essential job functions] 'is bound up in the inquiry into whether [his employer]'s proffered reason . . . was a pretext for discrimination,' the court may defer consideration of the employee's performance until the pretext stage of the *McDonnell Douglas* analysis." *Booth v. Houston*, 58 F. Supp. 3d 1277, 1295 (M.D. Ala. 2014) (citing *Alvarez v. Royal Atl. Devs.*, 610 F.3d 1253, 1265 (11th Cir. 2010); *Holifield v. Reno,* 115 F.3d 1555, 1562 n. 3 (11th Cir.1997)). "It matters not whether [Plaintiff] has made out a prima facie case if []he cannot create a genuine issue of material fact as to whether [Defendant's] proffered reasons for firing [him] are pretext masking discrimination." *Alvarez*, 610 F.3d at 1265. Accordingly, I will assume Plaintiff has met his burden of establishing a prima facie case of discrimination and turn to whether Defendant's proffered reason for Plaintiff's termination is mere pretext.

Defendant contends its reason for releasing Plaintiff is that Plaintiff could not perform the essential functions of his job and no reasonable accommodation was available. Federal regulations "contemplate that the issue of whether an employee is an otherwise qualified individual and whether a reasonable accommodation can be made for that employee is determined by reference to a specific position." *Duckett v. Dunlop Tire. Corp.*, 120 F.3d 1222, 1224–25 (11th Cir. 1997) (citing 29 C.F.R. § 1630.2(m)). "Accommodations are 'reasonable' if they will allow the employee to perform the essential functions of his job." *Boone v. Rumsfeld*, 172 F. App'x 268, 272 (11th Cir. 2006) (citing *LaChance v. Duffy's Draft House,* 146 F.3d 832, 835 (11th Cir.1998)). "The plaintiff bears the burden of identifying an accommodation and showing that the accommodation would allow him to perform the essential functions of the job in question." *Boyle*, 866 F.3d at 1289 (citing *Lucas*, 257 F.3d at 1255–56). An employer must provide a reasonable accommodation "unless doing so would impose an undue hardship on the employer." *Id.*

Mr. Beahn described the job functions of an Engineering Technician as those of a general handyman, which requires a lot of physical activity including pressure washing,

painting, cleaning, servicing HVAC and water systems, maintaining generators, and doing carpentry work. Beahn Aff., ¶ 9. In addition, the Engineering Technician job posting described some of the job functions as "using various general and specialized trade skills, including but not limited to: electrical, carpentry, painting, concrete, plumbing, welding, and drywall." Job Posting, ECF No. 43-1, p. 74. The posting further noted that "[s]pecialized experience may include, but is not limited to the knowledge of the fundamentals of Engineering Technician work, i.e. using a variety of trade skills such as electrical, carpentry, painting, concrete, plumbing, welding, and drywall . . . ." *Id.* While Plaintiff interpreted these descriptions as meaning he only needed to have *knowledge* in these areas and have the ability to do simple tasks within these areas, *see* Pl.'s Depo., 33:2–35:9, Plaintiff's subjective belief as to the job requirements does not create a genuine issue of material fact as to what the essential functions actually entailed. Moreover, it is undisputed that Plaintiff's disability restricts him from being able to complete virtually all of these tasks in full without an accommodation. *See* Certification of Health Care Provider for Employee's Serious Health Condition, ECF No. 43-1, p. 91.

While Plaintiff stated in his Amended Complaint that he was given a reasonable accommodation and was able to perform his job, a review of the record reveals this alleged reasonable accommodation was a temporary approval of limited duties. *See* Memo. dated 7/23/15, ECF No. 43, p. 87; Term. Letter, ECF No. 44-3. However, "an employer is not required to accommodate an individual with a disability by eliminating essential functions from the job." *Borkowski v. Valley Cent. Sch. Dist.*, 63 F.3d 131, 140 (2d Cir. 1995); *see also Sidaris v. Runyon*, 967 F. Supp. 1260, 1267 (M.D. Ala. 1997) ("An employer is under no obligation to eliminate or reallocate an essential job function in order to accommodate a disabled employee."). "[F]or instance, [] individuals whose physical condition precludes them from engaging in heavy lifting, and who seek jobs for which such lifting is shown to be an essential function, need not be accommodated by shifting responsibility for the lifting to other individuals." *Borkowski*, 63 F.3d at 140. In line with this thinking, "[a]n employer has no duty to create a new light-duty position in order to accommodate a handicapped employee." *Sidaris*, 967 F. Supp. at 1267–68. The fact that Defendant allowed Plaintiff to continue with limited duties pending the outcome of the accommodation process does not mean Defendant was required to continue with that accommodation. *See Boyle*, 866 F.3d at 1290 (defendant's discontinuance of an accommodation that was over-and-above a "reasonable" accommodation was not a violation of the Rehabilitation Act).

5

It is Plaintiff's burden to show that a reasonable accommodation would allow him to perform the essential functions of the job and he has not done so. *Boyle*, 866 F.3d at 1289. Plaintiff has at most argued that his duties should be modified to exclude the more physical tasks or that someone should perform the physical tasks instead of him and he could observe for safety. Pl.'s Depo., 56. "However, plaintiff's request would not *allow* [him] to perform the essential functions of [his] job; instead, it would *exempt* [him] from performing those functions." *Moore v. Jackson Cty. Bd. of Educ.*, 979 F. Supp. 2d 1251, 1265 (N.D. Ala. 2013); *see also Kaufman v. Autonation, Inc.*, WL 35722358 (S.D. Fla. June 7, 200) (hiring additional employees to assist plaintiff with his job was unreasonable as a matter of law).[4] Accordingly, Plaintiff's proposed accommodations are not reasonable.

Additionally, to the extent Plaintiff argues Defendant should have transferred him to another job for which he was qualified, he has pointed to no such positions that were available at the time. He therefore has not raised an issue of material fact that Defendant's stated reason for his termination was pretextual, as it is within Defendant's right to terminate Plaintiff for not being able to perform essential job functions. Accordingly, Defendant is entitled to summary judgment on Plaintiff's disability claim.

**B. Age Discrimination**

"The ADEA provides, in relevant part, that '[i]t shall be unlawful for an employer ... to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, *because of* such individual's age." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176, 129 S. Ct. 2343, 2350, 174 L. Ed. 2d 119 (2009) (quoting 29 U.S.C. § 623(a)(1) (emphasis added)). To establish a prima facie case of age discrimination under the ADEA, an employee must show: "(1) he was a member of the protected group between the age of forty and seventy; (2) he was subject to an adverse employment action; (3) a substantially younger person filled the position from which he was discharged; and (4) he was qualified to do the job from which he was discharged." *Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1298 (11th Cir. 2015) (citing *Kragor v. Takeda Pharm. Am., Inc.,* 702 F.3d 1304, 1308 (11th Cir.2012)). Plaintiff has not

---

[4] "Discrimination claims brought under the Rehabilitation Act are governed by the same standards as claims brought under Title I of the Americans with Disabilities Act of 1990 ("ADA")." *Boone v. Rumsfeld*, 172 F. App'x 268, 270 (11th Cir. 2006) (citing *Holbrook v. City of Alpharetta,* 112 F.3d 1522, 1526 n. 2 (11th Cir.1997))

shown that a substantially younger person filled his position or that substantially younger employees were treated more favorably than him. While Plaintiff compares himself to other technicians at FAA, they were not Engineering Technicians and at least two of the technicians were about the same age as Plaintiff. Pl.'s Depo., 42:17–25. There is also nothing in the record about whether these other employees were otherwise similarly situated to Plaintiff or treated more favorably in any way. As such, Plaintiff has not established a prima facie case of age discrimination. Plaintiff seems to concede this point, as Plaintiff has not made any argument to contest Defendant's statements regarding his ADEA claims.

## C. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 32) is **GRANTED**. The Clerk shall **CLOSE** this case. All pending motions are **DENIED** *as moot*. I will issue a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**DONE and ORDERED** in chambers, at Miami, Florida, this 24th day of April 2018.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*